Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ESKATERINE TSANGOURNOS and Others, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of JAMES STAGURNOS, *v.* JOHN J. SMITH, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, July 1, 1918.

**Workmen's Compensation Law — evidence insufficient to establish contract of employment — independent contractor.**

A contractor who had agreed to cut standing timber at a certain price per cord, sublet the job to several others who in turn hired laborers. An employee of one of the subcontractors while at work was struck and killed by a falling tree. Evidence *held* insufficient to establish that the contractor was the employer of the deceased, but to tend to show that the deceased was an employee of an independent contractor.

The jurisdictional fact of a contract of employment must be established by due process of law; by evidence sufficient to establish any other contractual relation.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendants, John J. Smith and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 15th day of November, 1917.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], *Robert W. Bonynge,* counsel to Commission, and *E. F. Colladay,* for the respondents.

PER CURIAM:

John J. Smith made a contract with the Tunnessassa Lumber Company to cut certain standing timber into cords and to load the same upon the cars at or near Tunnessassa, Cattaraugus county. The lumber company agreed to pay Smith one dollar and thirty-five cents per cord for this wood, and Smith subcontracted this job to several other men, who in turn hired laborers. Among these subcontractors was one Peter Raptes, who was to be paid at the rate of one dollar and twenty cents per cord for the portion of the wood cut under his direction, and was to have a camp furnished by Smith for his workmen. Raptes hired James Stagurnos as one of his gang, and while the latter was at work he was struck and killed by a falling tree, and the State Industrial Commission has made an award to his dependents, not against Raptes, but against Smith and his insurance carrier. The latter appeal to this court from the award made.

An examination of the evidence fails to disclose any facts upon which this award against Smith can rest, because there is an entire failure of competent evidence to show that Smith was the employer of the deceased. All of the competent evidence in the case tends to show that Raptes was an independent contractor, and that the decedent was his employee; but the State Industrial Commission appears to have concluded that Raptes was insolvent and without insurance protection, and reached the conclusion that Smith, who had insurance upon his employees engaged in hauling the wood, was the employer.

This court, in *Kackel* v. *Serviss* (180 App. Div. 54), laid down the rule which must prevail until overruled, that the jurisdictional fact of a contract of employment must be established by due process of law; by evidence which would be required to establish any other contractual relation, and that in the absence of such evidence no foundation was laid for the operation of the Workmen's Compensation Law. In that case we said: " The question here is not whether there is evidence to show that Davis was an independent contractor, but whether Scott Serviss entered into a contract for the employment of Norman J. Wesley, and there is absolutely no competent evidence of any such contract."

That is the situation in the case at bar; there is no evidence whatever that Smith ever entered into a contract for the employment of Stagurnos, and without this there is nothing for the Workmen's Compensation Law to operate upon, and the determination of the State Industrial Commission, not having support in the evidence, is without effect.

The award appealed from should be reversed.

All concurred, except JOHN M. KELLOGG, P. J., and LYON, J., dissenting.

Award reversed and claim dismissed.